# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Petitioner,

    v.                                        Case No. 14-MC-45

**RICHARD F. LAYO,**
        Respondent.

## DECISION AND ORDER

The United States has commenced this action to enforce two IRS summonses that have been served on the respondent, Richard Layo. The summonses were served in connection with the IRS's investigation of Layo's 2008 tax liabilities. After I issued an order directing Layo to show cause why he should not be compelled to obey the summonses, Layo filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 5.2(d) in which he asks that I: (1) seal all documents that have been filed in this case to date, including my order to show cause, (2) change the caption of this case so that it identifies Layo as "John Doe"; (3) order that the parties redact any future filing that identifies Layo as the respondent; and (4) order that the parties file under seal any further information concerning Layo's tax, banking, or other personal information. Layo asked that I enter this order on an ex parte basis, without waiting to see whether the United States opposed the motion.[1] Layo contends that he is entitled to this extraordinary relief because "[t]he

---

[1] The United States has since filed a brief in opposition to the motion, but whether or not the United States opposed the motion, I would have an independent obligation to determine whether documents may be sealed or whether Layo may proceed under a fictitious name. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997).

government's filings in the present case contain a broad array of otherwise confidential and private information about Mr. Layo, his tax returns, his banking practices, personal information concerning his sister, the IRS investigation concerning Mr. Layo, and Mr. Layo's assertion of a constitutional privilege [i.e., his Fifth-Amendment privilege against self-incrimination] in response to that investigation." Mot. for Prot. Order at 5.

The fact that Layo deems the information that has been disclosed in this proceeding confidential or private is not a sufficient reason for removing nearly the entire case from the public record. "Secrecy is fine at the discovery stage, before the material enters the judicial record." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002). But documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Id. Very few categories of documents will meet this definition. The Seventh Circuit has identified only three such categories: "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)." Id. at 546. None of the information disclosed in this case so far (or expected to be disclosed in the future) falls into any of these three categories. Moreover, I reviewed all of the documents filed in this case when deciding whether to issue the order to show cause, and presumably those documents will be relevant to any orders I issue in the future. Therefore, the public is entitled to access to those documents, and they will not be sealed. Nor will I seal any future documents unless Layo shows that they fall within one of the three categories of information identified above.

Layo contends that I should seal this entire proceeding because grand-jury proceedings are conducted in secret. See Mot. for Prot. Order at 4–5. But this is not a grand-jury proceeding; it is proceeding to enforce IRS summonses. No case of which I am aware has recognized that such proceedings should be conducted in secret. Layo contends that his "privacy and reputational interests" are similar to those of an uncharged person subject to a grand-jury investigation. Id. at 5. However, protecting the privacy of the subject of a grand-jury investigation is only one of many reasons why grand-jury proceedings are conducted in secret. See, e.g., United States v. Proctor & Gamble, 356 U.S. 677, 681–82 & n.6 (1958) (citing five reasons for conducting grand-jury proceedings in secret). None of the other reasons are present here. Moreover, if protecting the privacy and reputational interests of a person who is being investigated or who has been accused of violating the law were a sufficient reason for conducting a judicial proceeding in secret, then nearly all civil and criminal litigation would need to be conducted in secret in order to protect the privacy interests of the defendants in such cases. Obviously, that is not how our judicial system functions, and therefore Layo's "privacy and reputational interests" do not justify sealing the entire record in this case.

Regarding Layo's request to proceed in this case using a pseudonym: The use of fictitious names in federal litigation is disfavored; this is because "[i]dentifying the parties to the proceeding is an important dimension of publicness." Doe, 112 F.3d at 872. A party will be allowed to proceed under a fictitious name only "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." Id. Here, Layo is not a particularly vulnerable party. He is no more vulnerable than a

defendant in any civil or criminal case. Therefore, his request to proceed using a pseudonym will be denied.

Before concluding, I note that the United States concedes that it inadvertently failed to redact Layo's full date of birth in one of the documents it filed. Pursuant to Federal Rule of Civil Procedure 5.2(a)(2), only the year of Layo's birth should have been made public. I have instructed the Clerk of Court to redact the month and day from the birth date. However, I will remind the United States that the duty to redact the information stated in Rule 5.2(a) rests with the party filing the document.

For the reasons stated, **IT IS ORDERED** that Layo's motion for a protective order and motion to seal is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge